# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE ALVAREZ, on behalf of herself and all others similarly situated,,<br><br>                                  Plaintiff,<br>   vs.<br><br>LIMITED EXPRESS, LLC; DOES 1 through 100,<br><br>                                 Defendant. | CASE NO. 07CV1051 IEG (NLS)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO REMAND and (2) DENYING AS MOOT DEFENDANT'S MOTION TO STAY/TRANSFER**<br><br>(Doc Nos. 7, 13-14) |

Presently before the Court are Suzanne Alvarez's ("plaintiff") motion to remand this action to the San Diego County Superior Court (Doc. No. 7) and Limited Express, LLC's ("defendant") motion to stay and transfer the action to the Central District of California (Doc. Nos. 13-14). For the reasons stated below, the Court grants the motion to remand and denies as moot the motion to stay and transfer.

## BACKGROUND

**A.    Action Removed to This Court**

Defendant operates seventy-four stores in California selling apparel and accessories. (Answer ¶ 5.) Plaintiff worked for defendant from April 1993 through September 2005. (Compl. ¶ 6.) On May 3, 2007, plaintiff filed a putative class action in San Diego County Superior Court on behalf of all of defendant's employees who, in the four years prior to the filing of the

complaint, were not provided with meal breaks or rest periods as required by California Labor Code § 226.7. (Id. ¶ 14.) Plaintiff alleged, "[d]ue to the extreme workload required of employees, it was virtually impossible to take meal and rest periods." (Id. ¶ 11.) Plaintiff claimed that defendant had a "company culture of frowning upon taking breaks or meal periods[.]" (Id.) Plaintiff included a second cause of action for an "unlawful" business practice in violation of California Business and Professions Code § 17200 et seq. (Id. at 6.) As remedies, plaintiff sought statutory damages under Labor Code § 226.7, penalties under the California Labor Code Private Attorney General Act (see Cal. Labor Code § 2699(f)(2)), and reasonable attorneys' fees. (Id. at 7-8.)

On June 8, 2007, defendant filed a notice of removal. (Doc. No. 1.) On June 15, 2007, plaintiff moved to remand the action to Superior Court. (Doc. No. 7.) On July 6, 2007, defendant then moved to stay and transfer the action to the Central District of California, pursuant to the "first-filed" rule and 28 U.S.C. § 1404(a). (Doc. Nos. 13-14.) Defendant filed its opposition to plaintiff's motion to remand on July 9, 2007. (Doc. No. 16.) Plaintiff filed her reply in support of remand on July 13, 2007. (Doc. No. 21.) Plaintiff then filed her opposition to the motion to stay and transfer on July 20, 2007. (Doc. No. 22.) Finally, defendant filed its reply in support of the stay and transfer on July 30, 2007. (Doc. No. 25.) The matter is now fully briefed, and the Court finds it appropriate for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**B.   Actions Currently Pending in the Central District of California**

Two putative class actions alleging, inter alia, that defendant failed to provide meal and rest periods pursuant to California law are currently pending against defendant in the Central District of California.[1] In a minutes order dated July 9, 2007, Judge David O. Carter consolidated the Perez and Herrera actions because "the central allegation of each [action] is the same, namely that [defendant] mistreated its employees by not allowing proper meal and rest periods." (Def. Memo. ISO Stay/Transfer, Exhibit C, at 3.) A preliminary settlement of the Perez case has been reached. (Id., Exhibit D.) For purposes of settlement, Judge Carter certified a class of "all persons

---

[1] Those actions are Ricardo Perez v. Express, LLC, Case No. SACV-06-0522-DOC(JTLx), and Ruben Herrera v. Limited Brands, Inc. and Express, Case No. SACV-06-0664-DOC(ANx).

1  employed in California by [defendant] as an hourly non-exempt associate from March 23, 2002

2  through December 31, 2006." (Id., Exhibit E ¶ 20.) The Perez settlement class consists of 23,398

3  employees. (Id., Exhibit F, at 4; Richards Decla. ¶ 10.)

## DISCUSSION

**A.     Legal Standard**

"[A]ny civil action brought in a State court of which the district courts . . . have original jurisdiction, may be removed by the . . . defendants, to the district court . . . for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to the Class Action Fairness Act (CAFA), where, inter alia, there are at least one hundred plaintiffs in the proposed class and any plaintiff class member is a citizen of a state different from any defendant, the federal district courts have original jurisdiction over any class action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C. §§ 1332(d)(2), (d)(2)(A), & (d)(5)(B). "[T]he claims of the individual class members shall be aggregated" to determine whether the amount-in-controversy threshold is satisfied. Id. § 1332(d)(6).

Prior to CAFA, "[w]here the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [the statutory minimum]." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1996); accord Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). The preponderance standard means "defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Defendant must "set[] forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds" the statutory minimum. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (emphasis in the original); see Wilson v. Union Sec. Life Ins. Co., 250 F. Supp. 2d 1260, 1264-66 (D. Idaho 2003) (defendant's suggestion that court apply its "common sense" and mere incantation of plaintiff's prayers for attorney's fees and punitive damages held insufficient to carry defendant's burden). In addition to the contents of the removal petition, the court considers "summary-judgment-type

1   evidence relevant to the amount in controversy at the time of removal." Valdez v. Allstate Ins.
2   Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotations omitted); Burk v. Med. Sav. Ins. Co.,
3   348 F. Supp. 2d 1063, 1067 (D. Ariz. 2004).

4   "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the
5   proponent of federal jurisdiction." Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir.
6   2006). The removing defendant, therefore, still must show the amount in controversy is satisfied
7   by a preponderance of the evidence. Davis v. Chase Bank U.S.A., N.A., 453 F. Supp. 2d 1205,
8   1208 (C.D. Cal. 2005). A court "cannot base [its] jurisdiction on [d]efendant's speculation and
9   conjecture." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1002 (9th Cir. 2007).

10  **B.   Analysis**

11  Plaintiff, a citizen of California, does not dispute that she is diverse from defendant, a
12  Delaware corporation with its principal place of business in Ohio. (Notice of Removal ¶ 6(a).)
13  Plaintiff and defendant likewise agree the class includes at least a hundred members. (Compare id.
14  ¶ 6(b) with Compl. ¶ 19.) The parties dispute whether the amount in controversy exceeds $5
15  million. Defendant bears the burden of establishing the requisite amount in controversy by a
16  preponderance of the evidence. Abrego Abrego, 443 F.3d at 684; Davis, 453 F. Supp. 2d at 1208.
17  Defendant purports to establish the amount in controversy by alleging (1) a class of 23,398
18  members (2) earning the minimum wage (3) working for an average of six months during the class
19  period. Multiplying these numbers together, defendants allege an amount in controversy
20  exceeding $19.7 million. (Def. Opp. to Remand, at 5.) Taking into account Labor Code § 2699(f)
21  penalties and reasonable attorneys' fees, defendant claims the amount is even higher (although
22  defendant does not say how much higher). The Court examines the sufficiency of the evidence
23  supporting defendant's assertions concerning the size of the class and the average time worked.[2]

24  **1.   Class Size**

25  Defendant claims plaintiff's class has 23,398 putative class members, the same number as
26  the Perez class. (Opp. to Remand, at 3.) Plaintiff objects this number is too large, because the

---

[2] Without further scrutiny, the Court accepts defendant's representation that it complied with the law by paying its employees the minimum wage of $6.75 per hour. See Cal. Code Regs. tit. 8 § 11000(2) (2006).

1  Perez class includes "all current and former hourly, non-exempt employees" from March 2002
2  through December 2006. (Def. Memo. ISO Stay/Transfer, Exhibit D, at 2.) By contrast,
3  plaintiff's putative class consists only of those employees who were deprived of meal and rest
4  periods during the class period. (Compl. ¶ 14.) Plaintiff claims its complaint never makes the
5  "sweeping allegation" that defendant deprived all employees of meal periods and invites defendant
6  to stipulate to the number of putative class members who were deprived of meal and rest periods.
7  (Pl. Memo. ISO Remand, at 3 n.1; Pl. Reply, at 5.)

8        The Court reads the complaint differently. To determine the amount in controversy, the
9  Court "must assume that the allegations in the complaint are true." Forever Living Prods. U.S.
10 Inc. v. Geyman, 471 F. Supp. 2d 980, 986 (D. Ariz. 2006); Kenneth Rothschild Trust v. Morgan
11 Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Here, paragraph 11 specifically
12 describes the "extreme workload" that made it "virtually impossible" for defendant's employees to
13 take meal periods and rest breaks. The same paragraph also describes the "company culture" that
14 discouraged meal periods and rest breaks. Having reviewed paragraph 11, the Court concludes
15 plaintiff effectively alleges defendant did not allow any of its employees to take meal periods or
16 rest breaks. Furthermore, the Court does not interpret the law on defendant's burden of proof to
17 require the defendant to concede liability, as plaintiff seeks here. Defendant has denied the
18 allegation that it failed to provide meal periods and rest breaks to employees. (Answer ¶ 11.)
19 Defendant does not have to amend its answer to remain in federal court.

20       Nonetheless, the Court finds fault with defendant's claim regarding the size of the class.
21 Plaintiff brings this action on behalf of defendant's employees in the four years prior to May 3,
22 2007, the date plaintiff filed the complaint. (Compl. ¶ 14.) The Perez class covers the period from
23 March 23, 2002 (more than a year before the beginning of plaintiff's class period) to December 31,
24 2006 (more than five months before the end of plaintiff's class period). (Def. Memo. ISO
25 Stay/Transfer, Exhibit D, at 2.) If the number of members in the Perez class equals the number of
26 putative class members here, it is a mere coincidence.

27       In Perez, defendant provided the claims administrator with a file of the names of all
28 settlement class members. (Id., Exhibit F, at 4.) That file contained 23,395 individuals, only three

- 5 -                                                                                              07cv1051

people shy of the total number of class members. (See Richards Decla. ¶ 10 (explaining that defendant subsequently obtained mailing information for three class members after the claims administrator sent the notice of settlement to the 23,395 members on the original list).) Defendant could have prepared a similar list to oppose this motion to remand, but did not. Because defendant failed to submit "summary judgment type evidence" of the number of individuals employed during the class period, the Court finds that defendant's estimate of the class size is too speculative and conjectural to establish the requisite amount in controversy.

### 2. Average Time Worked

To calculate the amount in controversy, defendant assumes the average class member worked six months. (Def. Opp to Remand, at 5.) However, defendant submits no evidence to support that figure. Instead, the six-month period comes from a calculation that plaintiff uses in its opening memorandum for purely illustrative purposes. (See Pl. Memo. ISO Remand, at 3-4.) In Perez, defendant provided the claims administrator with a file containing the number of weeks worked by the settlement class members. (Def. Memo. ISO Stay/Transfer, Exhibit F, at 4.) Defendant, therefore, could have submitted evidence here of the average number of weeks a class member worked during the class period. However, defendant chose not to provide the underlying facts and instead relied on a speculative, conjectural estimate from plaintiff's motion papers.

The average time worked is a crucial number in calculating the amount in controversy. For every day that the employer does not provide the employee with a meal period or rest break, the employer must pay an additional hour of pay. Cal. Labor Code § 226.7. And, for each pay period where the employer violates any provision of the Labor Code, the employer must pay a civil penalty of $100 per employee per pay period for the first violation and $200 per employee per pay period for every subsequent violation. Id. § 2699(f)(2). Without "summary judgment type evidence" from defendant concerning the average time worked during the class period, the Court cannot accurately compute damages or civil penalties.[3]

---

[3] Although defendant claims the reasonable attorneys' fees result in an even higher amount in controversy, defendant provides the Court with no data from which the Court could compute the estimated attorneys' fees recoverable here. See Burk, 348 F. Supp. 2d at 1068 (calculating attorneys' fees requires evidence of the billing rate of plaintiff's counsel and the estimated time counsel will

**CONCLUSION**

Defendant fails to show by a preponderance of the evidence that the amount in controversy exceeds $5 million.  Therefore, the Court **GRANTS** plaintiff's motion to remand and hereby **REMANDS** this case to San Diego County Superior Court. Because the Court lacks jurisdiction, the Court **DENIES AS MOOT** defendant's motion to stay and transfer the action.

**IT IS SO ORDERED.**

**DATED: August 8, 2007**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

spend litigating the case).